FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARTHUR FRANK CARDENAS,<br>Defendant. | No. 1:26-CR-02035-SAB-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT** |

Before the Court is Defendant's Motion to Dismiss for Government Misconduct, ECF No. 37. The motion was heard without oral argument.[1] Defendant is represented by Matthew McHenry. The United States is represented by Caitlin Baunsgard, Ben Seal, and Stephanie VanMater.

Defendant asks the Court to dismiss the Indictment that was filed on May 20, 2026, ECF No. 1, because of alleged Government outrageous conduct that has violated his due process rights. He asserts this new Indictment represents a pattern of charging, dismissing, and recharging that is indicative of prosecutorial harassment.

Before the Court addresses the merits of Defendant's arguments, it is important to place them in context. Defendant was first charged in the Eastern District of Washington in April 2024, with Attempt to Retaliate Against a Federal

[1] The Court has determined that oral argument is not necessary.

Witness and Conspiracy to Retaliate Against a Federal Witness.[2] These charges were dismissed on November 14, 2024 because the Government obtained a Superseding Indictment, which alleged the same counts against Defendant.[3] The Court granted Defendant's Motion to Sever, and trial on those two charges was set to begin in April 2026. Less than two weeks prior to trial, at the pretrial conference, the Government informed the Court that it was not ready to try the case. It moved to dismiss the Indictment but asked the Court to dismiss it without prejudice. The Court granted the motion but dismissed the Indictment with prejudice. It appeared to the Court that the Government intended to obtain another Indictment against Defendant that would charge him with the same charges, as well as more serious charges, and then ask that the Indictment be joined with the Superseding Indictment.

The Court found the Government acted in bad faith in asking for dismissal without prejudice. The Court also found that dismissal without prejudice would undermine the public's interest and confidence in the outcome of the proceedings. The Court noted that the Government had previously dismissed the charges and the Court was bothered by what it understood was going to be the Government's attempt to re-indict Defendant on the same charges.

The Government did obtain a new Indictment in the above-captioned matter, but the Indictment does not include the charges that were dismissed with prejudice. Rather, the Indictment charges the following counts: (1) Conspiracy to Unlawfully Use the Mails; (2) Conspiracy to Distribute 500 grams or more of methamphetamine; and (3) Conspiracy to Distribute 400 grams or more of fentanyl. ECF No. 1. The Government has put Defendant on notice that it is seeking enhanced penalties because Defendant has a prior serious drug offense.

A district court may exercise its supervisory power "to implement a remedy

---

[2] 2:24-CR-00056-SAB

[3] 1:24-CR-02027-SAB-30

for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct." *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir.1991). However, because "[d]ismissing an indictment with prejudice encroaches on the prosecutor's charging authority," this sanction may be permitted only "in cases of flagrant prosecutorial misconduct." *Id.* at 1091. A court may dismiss an indictment under its supervisory powers only when the defendant suffers "substantial prejudice," *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988), and where "no lesser remedial action is available," *United States v. Barrera–Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991).

The Court declines to exercise its supervisory power to dismiss the Indictment in this matter. The Government's conduct in obtaining a new Indictment, based on new evidence does not rise to the level of conduct that is "so grossly shocking and so outrageous as to violate the universal sense of justice." *Id.* Based on the record before the Court, it is clear the new Indictment was based on new information that came into light in March 2026. There is nothing in the record to suggest the Government sought to influence Defendant's placement in BOP as punitive measures. None of the concerns the Court expressed in its earlier Order are implicated by the filing of a new Indictment based on new evidence.

Defendant asserts the Government has failed to meet its discovery obligations. The Government represents that it has provided the necessary discovery. At this stage of the proceedings, the Court is not in a position to resolve this dispute, but in any event, there are other less drastic remedies available to alleviate any harm or prejudice to Defendant for failure to provide discovery than dismissing the Indictment with prejudice.[4]

//

---

[4] Defendant is not alleging the Government has violated its *Brady* obligations.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Government Misconduct, ECF No. 37, is **DENIED**.

2. The December 2, 2026 hearing on Defendant's Motion to Dismiss for Government Misconduct, is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of October 2026.

Stan Bastian
Chief United States District Judge